Date signed November 13, 2014



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | | |
|---|---|---|
| In Re: | * | |
| TMST, Inc. (f/k/a Thornburg Mortgage, Inc.), *et al.*, | * | Case No. 09-17787-DK |
| | * | Chapter 11 |
| | * | Jointly Administered |
| Debtors | * | |
| ************************************ | * | |
| Joel I. Sher in his capacity as Chapter 11 Trustee for TMST, Inc., TMST Hedging Strategies, Inc. and TMST Home Loans, Inc., | * | |
| | * | |
| | * | |
| Plaintiff | * | |
| vs. | * | Adversary No. 11-340 |
| JP Morgan Chase Funding Inc., *et al*, | * | |
| | * | |
| | * | |
| Defendants | * | |

**MEMORANDUM OF DECISION**

On September 25, 2014, the court entered a Memorandum of Decision and an Order

Granting in Part and Denying in Part Defendants' Joint Motion to Dismiss First Amended

Complaint (the "Order on Motion to Dismiss"). On October 15, 2014, Plaintiff filed a Motion

seeking reconsideration of the court's dismissal of Count 27 as to Defendant Citi Global LTD (the

"Motion for Reconsideration"). Defendant has filed an opposition to the Motion for

Reconsideration. The court finds that the parties' arguments are adequately set forth in the pleadings and that a hearing will not aid the decisional process.

Where, as in the instant case, no final judgment has been made disposing of the entirety of the adversary proceeding and the court's ruling is therefore interlocutory, the court may grant reconsideration pursuant to Federal Rule of Civil Procedure 54(b). Rule 54(b) is applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 7054(a). *See Reiter v. Cooper*, 507 U.S. 258, 265 n. 2, 113 S.Ct. 1213, 122 L.Ed.2d 604 (1993). Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Accordingly, although not obliged to do so, the court retains the right to review its own interlocutory orders sua sponte or upon motion. "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *American Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505, 514 (4th Cir. 2003). *See also Fayetteville Investors v. Commericial Builders, Inc.*, 936 F.2d 1462 (4th Cir. 1991) (Although a trial court can apply standards set forth in Rules 59 and 60 as appropriate, "generally, at least, a review of an interlocutory order under Rule 54 is not subject to the restrictive standards of motions for reconsideration of final judgments under Rule 60").

Count 27 of the Amended Complaint sets forth a cause of action for breach of repurchase agreements and turnover of damages (including disallowance or reduction of allowed claim). In the Memorandum of Decision for the Order on Motion to Dismiss, the court explained that as to all Defendants except Citi Global LTD, Count 27 should not be dismissed because Plaintiff had set forth in sufficient detail a cause of action for breach of contract/disallowance of claim due to an

improper valuation of the market value of the subject securities.[1] However, in Section V of the Memorandum of Decision, the court addressed the supplemental request for dismissal brought by Citi Global LTD and Citigroup Global Inc. on grounds alleged to be unique to those entities.[2] The court wrote:

> As to Citi Global LTD, the Supplemental Memorandum argues that the Plaintiff's characterizations of the duties placed upon this defendant in the Global Masters Lending Agreement were by the language of that agreement not duties of Citi Global LTD but instead TMST. Further it is argued that the CGML Forbearance agreement sets forth an agreed upon valuation of the Citi Global LTD securities which standard the Amended Complaint does not allege Citi Global LTD violated. Finally the Supplemental Memorandum avers that English law must govern these agreements with Citi Global LTD and under that applicable law an implied covenant of good faith and fair dealing does not arise. In his response to the Supplemental Memorandum, Plaintiff makes no argument as to Citi Global LTD's request that Count 27 of the Complaint be dismissed as against it.[3]

The court held that Count 27, inter alia, would be dismissed as to Citi Global LTD.

Plaintiff has brought the Motion for Reconsideration arguing that with respect to the dismissal of Count 27 as to Citi Global LTD, the court improperly found that English law prevented the assertion of a breach of agreement claim and further that the court neglected to consider its argument regarding the application of Sections 559 and 562 of the Bankruptcy Code to the liquidation of the repurchase agreements by Citi Global LTD and the impact upon its claim rights in the bankruptcy cases. The Defendant's opposition to the Motion for Reconsideration argues that the court's ruling on this issue was correct, that applicable law prevents recovery for breach of contract and that Plaintiff is now raising new theories of law in support of Count 27. Defendant

---

[1] *See Memorandum of Decision*, entered September 25, 2014, at p.34.

[2] *Id.* at pp. 44-45.

[3] *Id.*

urges this court to apply the standards for reconsideration set forth in Rule 59 which would require a finding that (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice. While the court does not find that Rule 54(b) requires a strict application of the Rule 59 standards and instead commits discretion to the trial court to reach the correct decision of law, the court does find in the instant case that the third prong of the standard is applicable to the Motion for Reconsideration.[4]

Upon reexamination, the court finds that the dismissal of Count 27 as to Citi Global LTD should be vacated in part. The basis for the court's revised ruling is its finding that dismissal of Count 27 would prejudice Plaintiff's rights to challenge Citi Global LTD's proof of claim under Section 559 of the Bankruptcy Code and a finding that the claim should be disallowed or reduced based upon a subsequent finding that Section 562 of the Bankruptcy Code necessitates a valuation of the liquidated securities other than that which is asserted by Defendant. Section 559 provides in part:

> In the event that a repo participant or financial participant liquidates one or more repurchase agreements with a debtor and under the terms of one or more such agreements has agreed to deliver assets subject to repurchase agreements to the debtor, any excess of the market prices received on liquidation of such assets (or if any such assets are not disposed of on the date of liquidation of such repurchase

---

[4] The court commented in its Memorandum of Decision that Plaintiff did not provide an argument for why Count 27 should not be dismissed as to Citi Global LTD. The court's remarks were incomplete, in that no specific argument was made as to Citi Global LTD with respect to the unique circumstances arising from the application of English law to the servicing agreement and breach of good faith duties,. However, Plaintiff had addressed the Sections 559 and 562 arguments regarding claim allowance in the Opposition to the Defendants' Motion to Dismiss and that portion of the argument did not separately refer to Citi Global only because the argument was intended to apply to all Defendants. Accordingly, the court does not find that the arguments raised by Plaintiff by which the court is determining to grant reconsideration are new arguments raised only on Motion for Reconsideration.

agreements, at the prices available at the time of liquidation of such repurchase agreements from a generally recognized source or the most recent closing bid quotation from such a source) over the sum of the stated repurchase prices and all expenses in connection with the liquidation of such repurchase agreements shall be deemed property of the estate, subject to the available rights of setoff. . . .

Plaintiff has alleged in the Amended Complaint under various theories of recovery that the valuation and liquidation prices assigned certain liquidated securities by Defendants were lower than the allegedly required price to be assigned by both the Bankruptcy Code and the various agreements between the parties. Further, Plaintiff has cited Section 562 as a determinant of pricing.[5]

---

[5] Section 562 provides:
(a) If the trustee rejects a swap agreement, securities contract (as defined in section 741), forward contract, commodity contract (as defined in section 761), repurchase agreement, or master netting agreement pursuant to section 365(a), or if a forward contract merchant, stockbroker, financial institution, securities clearing agency, repo participant, financial participant, master netting agreement participant, or swap participant liquidates, terminates, or accelerates such contract or agreement, damages shall be measured as of the earlier of--
    (1) the date of such rejection; or
    (2) the date or dates of such liquidation, termination, or acceleration.
(b) If there are not any commercially reasonable determinants of value as of any date referred to in paragraph (1) or (2) of subsection (a), damages shall be measured as of the earliest subsequent date or dates on which there are commercially reasonable determinants of value.
(c) For the purposes of subsection (b), if damages are not measured as of the date or dates of rejection, liquidation, termination, or acceleration, and the forward contract merchant, stockbroker, financial institution, securities clearing agency, repo participant, financial participant, master netting agreement participant, or swap participant or the trustee objects to the timing of the measurement of damages--
    (1) the trustee, in the case of an objection by a forward contract merchant, stockbroker, financial institution, securities clearing agency, repo participant, financial participant, master netting agreement participant, or swap participant; or
    (2) the forward contract merchant, stockbroker, financial institution, securities clearing agency, repo participant, financial participant, master netting agreement participant, or swap participant, in the case of an objection by the trustee, has the burden of proving that there were no commercially reasonable determinants of value as of such date or dates.

In its Memorandum of Decision the court did not adequately address the separate substantive asserted rights to relief set forth in Count 27 as to Citi Global LTD. In paragraph 442 of the Amended Complaint, Plaintiff asserts that the alleged below market pricing constituted a material breach of the repurchase agreements and forbearance agreements, as well as a breach of an implied covenant of good faith and fair dealing, and commercial reasonableness (the "Implied Covenants"). As to Citi Global, LTD, the court continues to hold that English law governs that repurchase agreement and hence the Implied Covenants are inapplicable. Further the court agrees with Citi Global LTD's argument that the forbearance agreement modified the pricing requirements of the repurchase agreement and set a consent price for crediting the securities retained by Citi Global LTD against the contract debt arising under the repurchase agreement. The Amended Complaint does not allege any misapplication of the consent pricing. Consequently, Count 27 was correctly dismissed as to the Plaintiff's asserted cause against Citi Global LTD for breach of the repurchase agreements based upon a breach of the Implied Covenants or breach of the pricing requirements in the repurchase agreement.

However, paragraph 442 of the Amended Complaint also asserts a breach of the forbearance agreement based upon an alleged breach of the Implied Covenants. As pointed out by the Plaintiff in the Motion for Reconsideration, unlike the repurchase agreement, the subsequent forbearance agreement expressly states that it shall be governed by New York law, which appears to provide that the Implied Covenants are part of the forbearance agreement.[6] Accordingly the Plaintiff's

---

[6] *See Jaffee v. Paramount Communications,* 222 A.D.2d 17, 22-23 (N.Y. App.Div. 1996) ("Implied in every contract is a covenant of good faith and fair dealing, which is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of a right to receive the benefits under their agreement.").

assertion of a right against Citi Global LTD for breach of the forbearance agreement on this basis should not have been dismissed.

Furthermore, paragraphs 440 and 444 of the Amended Complaint assert that Sections 559 and 562 of the Bankruptcy Code require a turnover to the bankruptcy estate of the market value of liquidated securities that allegedly exceeded the debt or that the claim filed by Citi Global LTD must be reduced by disallowance to recognize the alleged improper valuation.  This separate assertion of rights under the cited Code sections was not correctly addressed by the court's Memorandum of Decision.

Citi Global LTD in its response to the Motion for Reconsideration argues that the pricing agreed to in the forbearance agreement established market value by consent and thus no cause of action can arise under Sections 559 and 562.  The court at this stage of the litigation does not agree. In all of the submissions Citi Global LTD asserts that the underlying debts arise from repurchase agreements.  The court has so found it in its Memorandum of Decision.  Sections 559 and 562 apply to repurchase agreements and do not provide for any consensual opt out by the contracting parties. Thus although as a matter of contract, the parties could agree in the forbearance agreement to a consent pricing, simply labeling it as consent market value does not preclude the application of Section 559.

If the Plaintiff can prove that the agreed pricing was below the market valuation standards of Sections 559 and 562, the Plaintiff's cause of action is not precluded by the Citi Global LTD forbearance agreement.  To hold otherwise would allow creditors to ignore Section 559 by obtaining an agreed upon value from a distressed debtor to the detriment of other creditors' rights to receive distributions of estate property.  Section 559 at its beginning contains far reaching protection to repurchase agreement creditors including inapplicability of the automatic stay.

7

Section 546 prevents a trustee from avoiding certain transfers under repurchase agreements. Concomitant to those rights granted to the repurchase creditor to liquidate with finality the pledged securities, in Sections 559 and 562 Congress vouchsafed to the bankruptcy estate the right to any excess market value of such securities. Parties cannot negate that codified right simply by labeling a price as "agreed market value". Therefore the court's dismissal of Count 27 as against Citi Global LTD as to the Plaintiff's right to turnover and disallowance of claim based upon the asserted facts and application of Sections 559 and 562 also must be vacated.

An order in accordance with this ruling will be entered forthwith.


cc:     Plaintiff's Counsel
        Defendants' Counsel
        Counsel for the Committee of Unsecured Creditors
        Office of the United States Trustee

**End Of Decision**