**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TMST, INC. (f/k/a THORNBURG MORTGAGE, INC.), *et al.*, | ) Case No. 09-17787 (NVA) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) |
| | ) |
| | ) |
| JOEL I. SHER in his capacity as Chapter 11 Trustee for TMST, INC., TMST HEDGING STRATEGIES, INC., and TMST HOME LOANS, INC., | ) Adversary Proceeding |
| | ) Case No. 11-00340 (NVA) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JPMORGAN CHASE FUNDING INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS CITIGROUP GLOBAL MARKETS
LIMITED'S AND CITIGROUP GLOBAL MARKETS INC.'S
ANSWER TO THE SECOND AMENDED COMPLAINT**

Defendants Citigroup Global Markets Limited ("CGML") and Citigroup Global Markets, Inc. ("CGMI"), through their undersigned counsel, hereby answer the Second Amended Complaint, dated as of October 20, 2017 (the "Complaint"),[1] filed by Joel I. Sher (the "Trustee" or "Plaintiff"), in his capacity as chapter 11 trustee for TMST, Inc., f/k/a Thornburg Mortgage, Inc. ("TMST"), TMST Hedging Strategies, Inc., f/k/a Thornburg Mortgage Hedging Strategies, Inc., and TMST Home Loans, Inc., f/k/a Thornburg Mortgage Home Loans, Inc.

---

[1] Capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to them in the Complaint.

## PRELIMINARY STATEMENT

In light of the Court's September 25, 2014 Decision and Order concerning Defendants' Joint Motion to Dismiss the Complaint dated September 25, 2014 [Dkt. Nos. 76-77], and its subsequent Decision and Order dated November 15, 2014 [Dkt. Nos. 91-92], CGML and CGMI do not answer the allegations contained in the paragraphs of the Complaint that concern Counts that have been dismissed against both of them, including (i) paragraphs 196 through 204 with respect to Count 1, (ii) paragraphs 205 through 214 with respect to Count 2, (iii) paragraphs 225 through 234 with respect to Count 4, (iv) paragraphs 235 through 245 with respect to Count 5, (v) paragraphs 246 through 256 with respect to Count 6, (vi) paragraphs 269 through 275 with respect to Count 8, (vii) paragraphs 276 through 284 with respect to Count 9, (viii) paragraphs 294 through 303 with respect to Count 11, (ix) paragraphs 304 through 313 with respect to Count 12, (x) paragraphs 314 through 323 with respect to Count 13, (xi) paragraphs 324 through 334 with respect to Count 14, (xii) paragraphs 335 through 345 with respect to Count 15, (xiii) paragraphs 354 through 362 with respect to Count 17, (xiv) paragraphs 363 through 372 with respect to Count 18, (xv) paragraphs 373 through 382 with respect to Count 19, (xvi) paragraphs 392 through 400 with respect to Count 21, (xvii) paragraphs 401 through 410 with respect to Count 22, (xviii) paragraphs 411 through 420 with respect to Count 23, (xix) paragraphs 421 through 430 with respect to Count 24, (xx) paragraphs 431 through 440 with respect to Count 25, (xxi) paragraphs 441 through 449 with respect to Count 26, and (xxii) paragraphs 479 through 484 with respect to Count 30.

Moreover, CGMI does not answer the allegations contained in the following paragraphs of the Complaint that concern additional Counts that have been dismissed with respect to CGMI only, including (i) paragraphs 257 through 268 with respect to Count 7, (ii) paragraphs 450 through 460 with respect to Count 27, (iii) paragraphs 461 through 472 with respect to Count 28, paragraphs

473 through 478 with respect to Count 29, and (v) paragraphs 485 through 489 with respect to Count 31.

Additionally, with respect to allegations in the Complaint that use the phrase "Defendants" without specifying which particular defendant and counterparty is being referred to in that Paragraph, CGML and CGMI only will respond to the extent the allegations concern them and will not respond with respect to the alleged conduct and activities of other defendants.

Lastly, CGML and CGMI deny all allegations not expressly admitted and where CGML or CGMI assert that it lacks knowledge or information sufficient to form a belief as to the truth of an allegation, it shall have the effect of a denial pursuant to Federal Rule of Civil Procedure 8(b)(5). Moreover, CGML and CGMI will not respond to the various headings or subheadings throughout the Complaint, but to the extent a response is required to such various headings or subheadings, all are denied. Likewise, CGML and CGMI will not respond to the self-serving, unnumbered Introduction section of the Complaint, but to the extent a response is required, CGML and CGMI denies the statements and allegations contained therein to the extent asserted against them.

## **ANSWER**

With all the foregoing, CGML and CGMI answer the applicable numbered Paragraphs in the Complaint, as follows:

1.      CGML and CGMI state that Paragraph 1 of the Complaint avers legal conclusions as to which no response is required. To the extent any response is required, CGML and CGMI deny the allegations.

2.      CGML and CGMI state that Paragraph 2 of the Complaint avers legal conclusions as to which no response is required. To the extent any response is required, CGML and CGMI deny the allegation.

3.      CGML and CGMI state that Paragraph 3 of the Complaint avers legal conclusions as to which no response is required. To the extent any response is required, CGML and CGMI deny the allegations.

4.      CGML and CGMI admit the allegations contained in Paragraph 4 of the Complaint.

5.      CGML and CGMI admit the allegations contained in Paragraph 5 of the Complaint.

6.      CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, but admit that TMST was a publicly traded company.

7.      CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.      CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.      CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.      CGML and CGMI admit the allegations contained in Paragraph 10 of the Complaint.

11.      CGML and CGMI admit the allegations contained in Paragraph 11 of the Complaint.

12.      CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.      CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.      CGML and CGMI lack knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 14 of the Complaint.

15.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, except admit that CGML was, with TMST, party to the Global Master Securities Lending Agreement, dated as of September 20, 2007 (the "GMSLA"), and respectfully refer the Court to the GMSLA for its full content and terms.

20.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and otherwise deny the allegations contained in Paragraph 20 to the extent they comprise Plaintiff's characterization of the GMSLA and respectfully refer the Court to the GMSLA for its full content and terms.

21.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and otherwise deny the allegations contained in Paragraph 21 to the extent they comprise Plaintiff's characterization of the GMSLA and respectfully refer the Court to the GMSLA for its full content and terms.

22.    CGML and CGMI admit that TMST sold certain financed MBS to CGML pursuant

to the GMSLA. CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Complaint and otherwise deny the allegations contained in Paragraph 22 to the extent they comprise Plaintiff's characterization of the GMSLA and respectfully refer the Court to the GMSLA for its full content and terms.

23.     CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and otherwise deny the allegations contained in Paragraph 23 to the extent they comprise Plaintiff's characterization of the GMSLA and respectfully refer the Court to the GMSLA for its full content and terms.

24.     CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and otherwise deny the allegations contained in Paragraph 24 to the extent they comprise Plaintiff's characterization of the GMSLA and respectfully refer the Court to the GMSLA for its full content and terms.

25.     CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26.     CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27.     CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28.     CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29.     CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30.     CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31.     CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32.     CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33.     CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.     CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35.     CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36.     CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37.     CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38.     CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39.     CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40.     CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint but admit that TMST entered into the GMSLA and respectfully refer the Court to the GMSLA for its full content and

terms.

41.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and respectfully refer the Court to the MRA for its full content and terms.

42.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and respectfully refer the Court to the MRA for its full content and terms.

43.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and respectfully refer the Court to the MRA for its full content and terms.

44.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in part A through D of Paragraph 45 of the Complaint. CGML and CGMI deny the allegations contained in part E of Paragraph 45 and respectfully refer the Court to the GMSLA for its full content and terms.

46.    CGML and CGMI state that Paragraph 46 of the Complaint avers legal conclusions as to which not response is required. To the extent a response is required, CGML and CGMI deny the allegations contained in Paragraph 46 of the Complaint and respectfully refer the Court to the GMSLA for its full content and terms.

47.    CGML and CGMI state that Paragraph 47 of the Complaint avers legal conclusions as to which not response is required. To the extent a response is required, CGML and CGMI deny the allegations contained in Paragraph 47 of the Complaint and respectfully refer the Court to the

GMSLA for its full content and terms.

48. CGML and CGMI state that Paragraph 48 of the Complaint avers legal conclusions as to which not response is required. To the extent a response is required, CGML and CGMI deny the allegations contained in Paragraph 48 of the Complaint and respectfully refer the Court to the MRA for its full content and terms.

49. CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, but admit that, on or about March 19, 2008, TMST filed a Form 8-K and respectfully refer the Court to the Form 8-K for its full content.

50. CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51. CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint, but admit that, on or about February 28, 2008, TMST issued its 2007 Form 10-K and respectfully refer the Court to the Form 10-K for its full content.

52. CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint.

53. CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54. CGML and CGMI deny the allegations contained in the first sentence of Paragraph 54 of the Complaint to the extent asserted against them. CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 54.

55.     With respect to the allegations contained in Paragraph 55 of the Complaint, CGML and CGMI admit that, as of March 6, 2008, TMST had outstanding and unsatisfied margin calls to CGML, but lack knowledge or information sufficient to form a belief as to TMST's outstanding margin calls with respect to other defendants.

56.     CGML and CGMI deny the allegations contained in Paragraph 56 of the Complaint to the extent asserted against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 to the extent they pertain to other defendants.

57.     CGML and CGMI deny the allegations contained in Paragraph 57 of the Complaint, but admit that, consistent with the terms of the GMSLA, CGML correctly priced the collateral pledged under the GMSLA at approximately $1.93 Billion (net of haircuts).

58.     CGML and CGMI deny the allegations contained in Paragraph 58 of the Complaint to the extent asserted against them, and lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 to the extent they pertain to other defendants.

59.     CGML and CGMI deny the allegations contained in the second sentence of Paragraph 59 of the Complaint to the extent asserted against them, but admit that, as of March 6, 2008, TMST had outstanding and unsatisfied margin calls to CGML, and CGML had not served TMST with notice of an event of default under the GMSLA.

60.     CGML and CGMI deny the allegations contained in Paragraph 60 of the Complaint to the extent asserted against them, but admit that, in March 2008, CGML had discussions with TMST regarding restructuring of debt.

61.     CGML and CGMI deny the allegations contained in Paragraph 61 of the Complaint

to the extent asserted against them but admit (i) that CGML, acting through its intermediating agent, CGMI, entered into the Override Agreement on or about March 17, 2008, and (ii) Larry Goldstone executed the Override Agreement on behalf of TMST, TMHS and TMAC.

62. CGML and CGMI deny the allegations contained in Paragraph 62 of the Complaint to the extent asserted against them and respectfully refer the Court to the Override Agreement for its full content and terms.

63. With respect to Paragraph 63 of the Complaint, CGML and CGMI respectfully refer the Court to the Override Agreement for its full content and terms.

64. CGML and CGMI deny the allegations contained in Paragraph 64 of the Complaint to the extent asserted against them and respectfully refer the Court to the Override Agreement for its full content and terms.

65. CGML and CGMI deny the allegations contained in Paragraph 65 of the Complaint to the extent asserted against them and respectfully refer the Court to the Override Agreement for its full content and terms.

66. CGML and CGMI state that Paragraph 66 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 66 of the Complaint to the extent asserted against them and respectfully refer the Court to the Override Agreement for its full content and terms.

67. CGML and CGMI state that Paragraph 67 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 67 of the Complaint to the extent asserted against them and respectfully refer the Court to the Override Agreement for its full content and terms.

68. CGML and CGMI state that Paragraph 68 of the Complaint avers legal conclusions

as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 68 of the Complaint to the extent asserted against them and respectfully refer the Court to the Override Agreement for its full content and terms.

69.     CGML and CGMI deny the allegations contained in Paragraph 69 of the Complaint to the extent asserted against them and respectfully refer the Court to the Override Agreement for its full content and terms.

70.     CGML and CGMI deny the allegations contained in Paragraph 70 of the Complaint to the extent asserted against them and respectfully refer the Court to the Override Agreement for its full content and terms.

71.     CGML and CGMI state that Paragraph 71 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 71 of the Complaint to the extent asserted against them and respectfully refer the Court to the Override Agreement for its full content and terms.

72.     CGML and CGMI state that Paragraph 72 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 72 of the Complaint to the extent asserted against them and respectfully refer the Court to the Override Agreement for its full content and terms.

73.     CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Debtors' beliefs contained in Paragraph 73 of the Complaint. With respect to the remaining allegations contained in Paragraph 73 of the Complaint, CGML and CGMI respectfully refer the Court to the Override Agreement for its full content and terms.

74.     CGML and CGMI state that Paragraph 74 of the Complaint avers legal conclusions

as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 74 of the Complaint to the extent asserted against them and respectfully refer the Court to the Override Agreement for its full content and terms.

75.     CGML and CGMI state that the Paragraph 75 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 75.

76.     CGML and CGMI deny the allegations contained in Paragraph 76 of the Complaint to the extent asserted against them.

77.     CGML and CGMI state that the Paragraph 77 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 77 of the Complaint to the extent asserted against them and respectfully refer the Court to the Override Agreement for its full content and terms.

78.     CGML and CGMI deny the allegations contained in Paragraph 78 of the Complaint to the extent asserted against them and respectfully refer the Court to the Override Agreement for its full content and terms.

79.     CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint, and respectfully refer the Court to the Override Agreement for its full content and terms.

80.     With respect to the allegations contained in the first sentence of Paragraph 80 of the Complaint, CGML and CGMI admit that, on or about March 24, 2008, TMST and Matlin Paterson Global Opportunities Partners III L.P. ("MP") executed a Term Sheet and respectfully refer the court to the Term Sheet for its full content and terms. CGML and CGMI lack knowledge

or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 80 of the Complaint. With respect to the allegations contained in the third sentence of Paragraph 80, CGML and CGMI admit that they were provided with a copy of the Term Sheet. CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of Paragraph 80. CGML and CGMI deny the allegations contained in the last sentence in Paragraph 80 to the extent asserted against them.

81.     CGML and CGMI deny the allegations contained in Paragraph 81 of the Complaint to the extent asserted against them and respectfully refer the Court to the Override Agreement for its full content and terms.

82.     CGML and CGMI deny the allegations contained in Paragraph 82 of the Complaint to the extent asserted against them, but admit that, in March 2008, certain structured repo transactions of TMST were unwound and that CGML was entitled to monies from TMST resulting from said unwind.

83.     CGML and CGMI deny the allegations contained in Paragraph 83 of the Complaint to the extent asserted against them, but admit that, on or about March 27, 2008, representatives of CGML delivered a Notice of Override Termination Event to TMST which was later rescinded.

84.     CGML and CGMI deny the allegations contained in Paragraph 84 of the Complaint to the extent asserted against them, but admit that, on or about March 31, 2008, in accordance and consistent with the terms of the GMSLA and Override Agreement, CGML terminated a TMST transaction under the GMSLA that resulted in a deficiency claim by CGML.

85.     CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint.

86.     With respect to Paragraph 86 of the Complaint, CGML and CGMI admit that in

accordance and consistent with the terms of the Override Agreement a portion of the proceeds of capital raised by TMST in March 2008 were provided to CGML, CGMI, and the Liquidity Fund, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 86.

87.    CGML and CGMI deny the allegations contained in the first and second sentences of Paragraph 87 of the Complaint to the extent asserted against them, but admit that, on or about March 31, 2008, in accordance and consistent with the terms of the Override Agreement, CGML received a payment from TMST in the amount of $163,746,450.47. CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence in Paragraph 87.

88.    CGML and CGMI deny the allegations contained in Paragraph 88 of the Complaint to the extent asserted against them, but admit that, on or about March 31, 2008, in accordance and consistent with the terms of the Override Agreement, CGML received a payment from TMST in the amount of $163,746,450.47, and respectfully refer the Court to the Override Agreement for its full content and terms.

89.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 89 of the Complaint. CGML and CGMI state that the last sentence of Paragraph 89 avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in the last sentence of Paragraph 84 to the extent asserted against them.

90.    With respect to the allegations contained in Paragraph 90 of the Complaint, CGML and CGMI respectfully refer the Court to the Override Agreement for its full content and terms.

91.    CGML and CGMI lack knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 91 of the Complaint.

92.     CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint.

93.     CGML and CGMI state that the Paragraph 93 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI admit that, by August 12, 2008, certain of the individual MBS financed by CGML had been downgraded and respectfully refer the Court to Section 3 of the Securities Exchange Act for its full content and terms.

94.     CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 94 of the Complaint. CGML and CGML deny the remaining allegations contained in Paragraph 94, but admit that, by August 12, 2008, in accordance and consistent with the terms of the Override Agreement, and due to the fact that certain individual MBS financed by CGML had been downgraded, CGML requested margin call payments from TMST.

95.     CGML and CGMI state that the Paragraph 95 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 95 to the extent asserted against them.

96.     CGML and CGMI state that the Paragraph 96 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 96 to the extent asserted against them and respectfully refer the Court to the Override Agreement for its full content and terms.

97.     CGML and CGMI state that the Paragraph 97 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny

the allegations contained in Paragraph 97 to the extent asserted against them and respectfully refer the Court to the Override Agreement for its full content and terms.

98.    CGML and CGMI state that the Paragraph 98 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 98 to the extent asserted against them and respectfully refer the Court to the Override Agreement for its full content and terms.

99.    CGML and CGMI state that the Paragraph 99 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in the first, second, and third sentences of Paragraph 99 to the extent asserted against them and respectfully refer the Court to the Override Agreement for its full content and terms, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 99.

100.    CGML and CGMI deny the allegations contained in Paragraph 100 of the Complaint to the extent asserted against them, but admit that, on August 8, 2008, in accordance with the terms of the GMSLA and Override Agreement, CGMI, acting as intermediating agent for CGML, sent a letter to TMST requesting a payment in the amount of $161,252,120.68, due to downgrades of securities that are the subject of such agreements.

101.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

102.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint, but admit that, in August 2008, TMST provided a cash flow forecast to CGML and respectfully refer the Court to that forecast for its full content.

103.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint.

104.    CGML and CGMI deny the allegations contained in Paragraph 104 of the Complaint to the extent asserted against them, but admit that, in August 2008, TMST and CGML, among others, had discussions concerning the Override Agreement.

105.    CGML and CGMI deny the allegations contained in Paragraph 105 of the Complaint to the extent asserted against them.

106.    CGML and CGMI deny the allegations contained in Paragraph 106 of the Complaint to the extent asserted against them, but admit that, in August 2008, TMST and CGML, among others, had discussions concerning the Override Agreement.

107.    CGML and CGMI deny the allegations contained in the first three sentences of Paragraph 107 of the Complaint to the extent asserted against them, but admit that, in August 14, 2008, CGML had discussions with TMST about a forbearance agreement. CGML and CGMI lack knowledge or information sufficient to form a belief as to the allegations contained in the last sentence of Paragraph 107.

108.    CGML and CGMI deny the allegations contained in Paragraph 108 of the Complaint to the extent asserted against them.

109.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 109 of the Complaint, and deny the remaining allegations in Paragraph 109 to the extent asserted against them.

110.    CGML and CGMI deny the allegations contained in Paragraph 110 of the Complaint to the extent asserted against them, but admit that, on or about August 20, 2008, in accordance with the terms of the GMSLA and Override Agreement, CGMI, acting as

intermediating agent for CGML, sent a letter to TMST demanding payment of $202,770, 932.82.

111.    CGML and CGMI deny the allegations contained in Paragraph 111 of the Complaint to the extent asserted against them, but admit that, on or about August 20, 2008, CGML discussed a forbearance with TMST.

112.    CGML and CGMI deny the allegations contained in Paragraph 112 of the Complaint to the extent asserted against them, but admit that, on or about August 21, 2008, TMST made a payment to CGML and the other counterparties in the amount of approximately $219 Million, and that CGML's share of such payment was approximately, $97.6 Million.

113.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 113 of the Complaint and deny the remaining allegations in Paragraph 113 to the extent asserted against them.

114.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 114 of the Complaint and deny the remaining allegations in Paragraph 114 to the extent asserted against them.

115.    CGML and CGMI deny the allegations in Paragraph 115 of the Complaint, except they admit that CGML received a payment on or about August 21, 2008, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 115 of the Complaint relating to the other Defendants, the Debtors, Larry Goldstone, or Debora Gage.

116.    CGML and CGMI deny the allegations contained in Paragraph 116 of the Complaint to the extent asserted against them. CGML and CGMI deny the allegations contained in Paragraph 116 of the Complaint to the extent asserted against them, but admit that, on or about August 22, 2008, representatives of CGML and other counterparties participated in discussions with representatives of TMST.

117.    CGML and CGMI deny the allegations contained in Paragraph 117 of the Complaint.

118.    CGML and CGMI state that the Paragraph 118 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 118, but admit that, on or about August 25, 2008, CGMI, acting as intermediating agent for CGML, and the other counterparties delivered a joint letter to TMST and certain of its affiliates and respectfully refer the Court to the August 25, 2008 letter for its full content.

119.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Complaint.

120.    CGML and CGMI state that the Paragraph 120 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 120 of the Complaint, and respectfully refer the Court to the Override Agreement for its full content and terms.

121.    CGML and CGMI state that the Paragraph 121 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 121 to the extent asserted against them and respectfully refer the Court to the Override Agreement for its full content and terms.

122.    CGML and CGMI deny the allegations contained in Paragraph 122 of the Complaint to the extent asserted against them, but admit that they received certain P&I payments in accordance and consistent with the terms of the Override Agreement and respectfully refer the Court to the Override Agreement for its full content and terms

123.    CGML and CGMI state that the Paragraph 123 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 123 to the extent asserted against them.

124.    CGML and CGMI state that the Paragraph 124 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 124 to the extent asserted against them.

125.    CGML and CGMI state that the Paragraph 125 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 125 to the extent asserted against them and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 125 relating to other Defendants.

126.    CGML and CGMI state that the Paragraph 126 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 126 to the extent asserted against them.

127.    CGML and CGMI state that the first sentence of Paragraph 127 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 127 to the extent asserted against them. CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 127.

128.    CGML and CGMI state that the Paragraph 128 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 128 to the extent asserted against them.

129.    CGML and CGMI state that the Paragraph 129 of the Complaint avers legal

conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 129 to the extent asserted against them.

130.    CGML and CGMI state that the Paragraph 130 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 130 to the extent asserted against them.

131.    CGML and CGMI state that the Paragraph 131 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 131 to the extent asserted against them.

132.    CGML and CGMI state that the Paragraph 132 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 132 to the extent asserted against them.

133.    CGML and CGMI deny the allegations contained in Paragraph 133 of the Complaint to the extent asserted against them.

134.    CGML and CGMI deny the allegations contained in the first and second sentences of Paragraph 134 of the Complaint to the extent asserted against them, but admit that, in or around September 2008, CGML requested certain information from TMST. CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 134.

135.    CGML and CGMI state that the Paragraph 135 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 135 to the extent asserted against them and respectfully refer the Court to the Override Agreement for its full content and terms.

136.    CGML and CGMI deny the allegations contained in Paragraph 136 of the

Complaint to the extent asserted against them, but admit that, on or about October 16, 2008, in accordance with the terms of the GMSLA and Override Agreement, CGMI, acting as intermediating agent for CGML, sent a letter to TMST demanding payment of $106,269,034.04.

137.    CGML and CGMI deny the allegations contained in Paragraph 137 of the Complaint to the extent asserted against them.

138.    CGML and CGMI state that the Paragraph 138 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 138 to the extent asserted against them.

139.    CGML and CGMI state that the Paragraph 139 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 139 to the extent asserted against them.

140.    CGML and CGMI state that the Paragraph 140 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 140 to the extent asserted against them.

141.    CGML and CGMI state that the Paragraph 141 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first five sentences of Paragraph 141 and deny the allegations contained in the last sentence of Paragraph 141 to the extent asserted against them.

142.    CGML and CGMI state that Paragraph 142 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 142 to the extent asserted against them.

143.    CGML and CGMI state that the Paragraph 143 of the Complaint avers legal

conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 143 to the extent asserted against them, but admit that, in November 2008, they negotiated an amendment to the Override Agreement with the Debtors and respectfully refer the Court to those documents for their full content and terms.

144.    CGML and CGMI admit that (i) they entered into an Amended and Restated Override Agreement ("AOA") with the Debtors on or about December 12, 2008, and (ii) Larry Goldstone executed the AOA on behalf of TMST, TMHL, TMHS and TMAC.  CGML and CGMI deny the remaining allegations contained in Paragraph 144 to the extent asserted against them, and respectfully refer the Court to the AOA for its full content and terms.

145.    CGML and CGMI state that the Paragraph 145 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 145 to the extent asserted against them and respectfully refer the Court to the AOA for its full content and terms.

146.    CGML and CGMI state that the Paragraph 146 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 146 to the extent asserted against them and respectfully refer the Court to the AOA for its full content and terms.

147.    CGML and CGMI state that the Paragraph 147 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 147 to the extent asserted against them and respectfully refer the Court to the AOA for its full content and terms.

148.    With respect to the allegations contained in Paragraph 148 of the Complaint, CGML and CGMI admit that CGML received $40 million from the Liquidity Fund, but lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 148.

149.   CGML and CGMI state that the Paragraph 149 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI respectfully refer the Court to the AOA for its full content and terms.

150.   CGML and CGMI state that the Paragraph 150 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 150 to the extent asserted against them and respectfully refer the Court to the AOA for its full content and terms.

151.   CGML and CGMI state that the Paragraph 151 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 151 to the extent asserted against them and respectfully refer the Court to the AOA for its full content and terms.

152.   CGML and CGMI state that the Paragraph 152 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 152 to the extent asserted against them, but admit that, under the AOA, CGML and CGMI and the other counterparties were granted a release of claims by the Debtors and respectfully refer the Court to the AOA for its full content and terms ("AOA Release") and all obligations and liabilities of the Debtors to CGML and CGMI and the other counterparties were affirmed and ratified ("AOA Ratification"), and CGML and CGMI respectfully refer the Court to the AOA for its full content and terms.

153.   CGML and CGMI state that the Paragraph 153 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny

25

the allegations contained in Paragraph 153 to the extent asserted against them and CGML and CGMI respectfully refer the Court to the AOA for its full content and terms.

154.    CGML and CGMI state that Paragraph 154 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 154 to the extent asserted against them and CGML and CGMI respectfully refer the Court to the AOA for its full content and terms.

155.    CGML and CGMI state that Paragraph 155 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 155 to the extent asserted against them and CGML and CGMI respectfully refer the Court to the AOA for its full content and terms.

156.    CGML and CGMI state that Paragraph 156 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 156 to the extent asserted against them, but admit that they received and retained certain P&I payments in accordance and consistent with the terms of the AOA and respectfully refer the Court to the AOA for its full content and terms.

157.    CGML and CGMI state that Paragraph 157 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 157 to the extent asserted against them and CGML and CGMI respectfully refer the Court to the AOA for its full content and terms.

158.    CGML and CGMI state that Paragraph 158 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 158 to the extent asserted against them and CGML and CGMI respectfully

refer the Court to the AOA for its full content and terms.

159.    CGML and CGMI deny the allegations contained in Paragraph 159 of the Complaint to the extent asserted against them.

160.    CGML and CGMI deny the allegations contained in Paragraph 160 of the Complaint to the extent asserted against them, but admit that, in February 2009, CGML had discussions with the Debtors concerning the Debtors' restructuring plan.

161.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 of the Complaint.

162.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 of the Complaint, but admit that during March 2009, CGML had discussions with the Debtors concerning the Debtors' restructuring plan.

163.    CGML and CGMI deny the allegations contained in Paragraph 163 of the Complaint to the extent asserted against them, but admit that, on or about March 6, 2009, CGMI, acting as intermediating agent for CGML, sent a letter to TMST and respectfully refer the Court to that letter for its full content.

164.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 of the Complaint.

165.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 of the Complaint.

166.    CGML and CGMI deny the allegations contained in Paragraph 166 of the Complaint to the extent asserted against them, but admit that, in March 2009, CGML negotiated a forbearance agreement with the Debtors.

167.    CGML and CGMI lack knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 167 of the Complaint.

168.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 of the Complaint.

169.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 of the Complaint.

170.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170 of the Complaint.

171.    CGML and CGMI deny the allegations contained in Paragraph 171 of the Complaint to the extent asserted against them.

172.    CGML and CGMI deny the allegations contained in Paragraph 172 of the Complaint to the extent asserted against them but admit that CGML and the Debtors consensually and mutually entered into a forbearance agreement in March 2009 (the "CGML March Forbearance Agreement") and respectfully refer the Court to the March Forbearance Agreement for its full content and terms.

173.    CGML and CGMI deny the allegations contained in Paragraph 173 of the Complaint to the extent asserted against them.

174.    CGML and CGMI state that the Paragraph 174 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 174 to the extent asserted against them but admit that CGML and the Debtors consensually and mutually entered into the CGML March Forbearance Agreement and respectfully refer the Court to the Agreement for its full content and terms.

175.    CGML and CGMI state that the Paragraph 175 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny

the allegations contained in Paragraph 175 to the extent asserted against them and respectfully refer the Court to the CGML March Forbearance Agreement for its full content and terms.

176.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 of the Complaint, except CGML and CGMI admit that Larry Goldstone signed the Citi Forbearance Agreement on behalf of TMST, TMHS, TMHL and TMAC.

177.    CGML and CGMI state that the Paragraph 177 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 177 to the extent asserted against them.

178.    CGML and CGMI deny the allegations contained in Paragraph 178 of the Complaint to the extent asserted against them.

179.    CGML and CGMI state that the Paragraph 179 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 179 to the extent asserted against them and respectfully refer the Court to the CGML March Forbearance Agreement for its full content and terms.

180.    CGML and CGMI state that the Paragraph 180 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180.

181.    CGML and CGMI state that the Paragraph 181 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181.

182.    CGML and CGMI state that the Paragraph 182 of the Complaint avers legal conclusions as to which no response is required. If a response is required, with respect to the allegations contained in the first sentence of Paragraph 182, CGML and CGMI admit that, under the CGML March Forbearance Agreement, the Debtors granted CGML and CGMI a release of certain claims by the Debtors and respectfully refer the Court to the Agreement for its full content and terms. CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence in Paragraph 182.

183.    CGML and CGMI state that Paragraph 183 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 183 to the extent asserted with respect to the CGML March Forbearance Agreement and respectfully refer the Court to the Agreement for its full content and terms.

184.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences of Paragraph 184.  CGML and CGMI further state that the final sentence of Paragraph 184 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in the final sentence of Paragraph 184 to the extent asserted with respect to the CGML March Forbearance Agreement and respectfully refer the Court to the Agreement for its full content and terms.

185.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185 of the Complaint, but admit that in or around March 31, 2009, the Debtors publicly disclosed its intention to file for chapter 11 protection.

186.    CGML and CGMI lack knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 186 of the Complaint.

187. CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187 of the Complaint.

188. CGML and CGMI state that the Paragraph 188 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI admit that on or about March 31, 2009, CGML entered into an amendment to the CGML March Forbearance Agreement and respectfully refer the Court to said amendment for its full content and terms.

189. CGML and CGMI state that the Paragraph 189 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI admit that CGML filed a proof of claim against TMST in the amount of $395,379,870.29.

190. CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 of the Complaint.

191. CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191 of the Complaint.

192. CGML and CGMI state that the Paragraph 192 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI admit the allegations contained in the first sentence of Paragraph 192 and deny the remaining allegations contained in Paragraph 192.

193. CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 of the Complaint.

194. CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194 of the Complaint.

195.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195 of the Complaint.

## Count 1
### (Avoidance of the Override Agreement as Constructively Fraudulent Under Sections 548 and 550 of the Bankruptcy Code)

196-204.        In light of the Court's dismissal of Count 1, CGML and CGMI do not need to answer the allegations contained in paragraphs 196 through 204 of the Complaint.

## Count 2
### (Avoidance of the Transfers Under the Override Agreement as Constructively Fraudulent Under Sections 548 and 550 of the Bankruptcy Code)

205-214.        In light of the Court's dismissal of Count 2, CGML and CGMI do not need to answer the allegations contained in paragraphs 205 through 214 of the Complaint.

## Count 3
### (Avoidance of Certain Transfers Under the Override Agreement as Actually Fraudulent Under Sections 548 and 550 of the Bankruptcy Code)

215.    With respect to Paragraph 215 of the Complaint, CGML and CGMI hereby incorporate their answers set forth above as if set forth fully herein.

216.    CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 216 of the Complaint but admit that CGML was a party to the Override Agreement, and that between May 1, 2008 and December 1, 2008, CGML received certain payments from TMST pursuant to and in accordance with the terms of the Override Agreement.

217.    CGML and CGMI state that Paragraph 217 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 217 to the extent asserted against them.

218.    CGML and CGMI state that Paragraph 218 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny

the allegations contained in Paragraph 218 to the extent asserted against them.

219.   CGML and CGMI state that Paragraph 219 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 219 to the extent asserted against them, except CGML and CGMI admit that CGML received a payment on or about August 21, 2008, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 219 of the Complaint relating to the state of mind of the Debtors or other Defendants.

220.   CGML and CGMI state that Paragraph 220 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 220 to the extent asserted against them, except CGMI and CGML deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 220 of the Complaint relating to the state of mind of the Debtors or other Defendants.

221.   CGML and CGMI state that Paragraph 221 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 221 to the extent asserted against them.

222.   CGML and CGMI state that Paragraph 222 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 222 to the extent asserted against them.

223.   CGML and CGMI state that Paragraph 223 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 223 to the extent asserted against them.

224.   CGML and CGMI state that Paragraph 224 of the Complaint avers legal

conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 224 to the extent asserted against them.

## Count 4
### (Avoidance of the Override Agreement as Constructively Fraudulent Under Sections 544 and 550 And Applicable State Law)

225-234.        In light of the Court's dismissal of Count 4, CGML and CGMI do not need to answer the allegations contained in paragraphs 225 through 234 of the Complaint.

## Count 5
### (Avoidance of the Transfers Under the Override Agreement as Constructively Fraudulent Under Sections 544 and 550 and Applicable State Law)

235-245.        In light of the Court's dismissal of Count 5, CGML and CGMI do not need to answer the allegations contained in paragraphs 235 through 245 of the Complaint.

## Count 6
### (Avoidance of Certain Transfers Under the Override Agreement as Actually Fraudulent Under Sections 544 and 550 and Applicable State Law)

246-256.        In light of the Court's dismissal of Count 6, CGML and CGMI do not need to answer the allegations contained in paragraphs 246 through 256 of the Complaint.

## Count 7[2]
### (Breach of the Override Agreement (Failure to Remit Interest))

257.        With respect to Paragraph 257 of the Complaint, CGML hereby incorporates its answers set forth above as if set forth fully herein.

258.        CGML admits the allegations contained in Paragraph 258 of the Complaint.

259.        CGML denies the allegations contained in Paragraph 259 of the Complaint.

260.        CGML states that Paragraph 260 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained

---

[2]  In light of the Court's dismissal of Count 7 as to CGMI, CGMI does not need to answer the allegations contained in paragraphs 257 through 268 of the Complaint.

in Paragraph 260 to the extent asserted against it.

261.    CGML states that the Paragraph 261 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 261 to the extent asserted against it and respectfully refers the Court to the Override Agreement for its full content and terms.

262.    CGML states that the Paragraph 262 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 262 to the extent asserted against it.

263.    CGML states that the Paragraph 263 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 263 to the extent asserted against it.

264.    CGML states that the Paragraph 264 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 264 to the extent asserted against it.

265.    CGML states that the Paragraph 265 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 265 to the extent asserted against it.

266.    CGML states that the allegations contained in Paragraph 266 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 266 to the extent asserted against it.

267.    CGML states that the Paragraph 267 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 267 to the extent asserted against it.

268.    CGML states that Paragraph 268 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 268 of the Complaint to the extent asserted against it.

### Count 8
**(Avoidance of the Amended Override Agreement as Actually Fraudulent Under Sections 548 and 550 of the Bankruptcy Code)**

269-275.    In light of the Court's dismissal of Count 8, CGML and CGMI do not need to answer the allegations contained in paragraphs 269 through 275 of the Complaint.

### Count 9
**(Avoidance of the Amended Override Agreement as Constructively Fraudulent Under Sections 548 and 550 of the Bankruptcy Code)**

276-284.    In light of the Court's dismissal of Count 9, CGML and CGMI do not need to answer the allegations contained in paragraphs 276 through 284 of the Complaint.

### Count 10
**(Avoidance of the First Release and Other Transfers under the AOA as Actually Fraudulent Under Sections 548 and 550 of the Bankruptcy Code)**

285.    With respect to Paragraph 285 of the Complaint, CGML and CGMI hereby incorporate their answers set forth above as if set forth fully herein.

286.    CGML and CGMI state that the Paragraph 286 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 286, but admit that CGML was a party to the AOA, and that between December 2008 and March 2009, CGML received certain payments from TMST pursuant to and in accordance with the terms of the AOA.

287.    CGML and CGMI state that Paragraph 287 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 287 to the extent asserted against them.

288. CGML and CGMI state that Paragraph 288 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 288 to the extent asserted against them.

289. CGML and CGMI state that Paragraph 289 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 289 to the extent asserted against them, except CGML and CGMI deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 289 of the Complaint relating to the state of mind of the Debtors.

290. CGML and CGMI state that Paragraph 290 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 290 to the extent asserted against them.

291. CGML and CGMI state that Paragraph 291 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 291 to the extent asserted against them.

292. CGML and CGMI state that Paragraph 292 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 292 to the extent asserted against them.

293. CGML and CGMI state that Paragraph 293 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 293 to the extent asserted against them.

### Count 11
**(Avoidance of the First Release and Other Transfers under the AOA as Constructively Fraudulent Under Sections 548 and 550 of the Bankruptcy Code)**

294-303. In light of the Court's dismissal of Count 11, CGML and CGMI do not need to answer the allegations contained in paragraphs 294 through 303 of the Complaint.

**Count 12**
**(Avoidance of the AOA as Actually Fraudulent Under Sections 544 and 550**
**of the Bankruptcy Code and Applicable State Law)**

304-313.          In light of the Court's dismissal of Count 12, CGML and CGMI do not need

to answer the allegations contained in paragraphs 304 through 313 of the Complaint.

**Count 13**
**(Avoidance of the AOA as Constructively Fraudulent Under Sections 544 and 550**
**of the Bankruptcy Code and Applicable State Law)**

314-323.          In light of the Court's dismissal of Count 13, CGML and CGMI do not need

to answer the allegations contained in paragraphs 314 through 323 of the Complaint.

**Count 14**
**(Avoidance of the First Release and Other Transfers under the AOA as Actually Fraudulent**
**Under Sections 544 and 550 of the Bankruptcy Code and Applicable State Law)**

324-334.          In light of the Court's dismissal of Count 14, CGML and CGMI do not need

to answer the allegations contained in paragraphs 324 through 334 of the Complaint.

**Count 15**
**(Avoidance of the First Release and Other Transfers Under the AOA as Constructively**
**Fraudulent Under Sections 544 and 550 of the Bankruptcy Code and Applicable State Law)**

335-345.          In light of the Court's dismissal of Count 15, CGML and CGMI do not need

to answer the allegations contained in paragraphs 335 through 345 of the Complaint.

**Count 16**
**(Avoidance of the March Forbearance Agreements as Actually Fraudulent**
**Under Sections 548 and 550 of the Bankruptcy Code)**

346.     With respect to Paragraph 346 of the Complaint, CGML and CGMI hereby

incorporate their answers set forth above as if set forth fully herein.

347.     With respect to Paragraph 347 of the Complaint, CGML and CGMI admit that

CGML and the Debtors are parties to the CGML March Forbearance Agreement and respectfully

refer the Court to said Agreement for its full content and terms.

348.     CGML and CGMI state that Paragraph 348 of the Complaint avers legal

conclusions as to which no response is required. If a response is required, CGML and CGMI respectfully refer the Court to the CGML March Forbearance Agreement for its full content and terms.

349.    CGML and CGMI state that Paragraph 349 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 349 of the Complaint as asserted with respect to the CGML March Forbearance Agreement.

350.    CGML and CGMI state that Paragraph 350 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 350 of the Complaint as asserted with respect to the CGML March Forbearance Agreement, except CGML and CGMI deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 of the Complaint relating to the state of mind of the Debtors.

351.    CGML and CGMI state that Paragraph 351 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 351 to the extent asserted against them.

352.    CGML and CGMI state that Paragraph 352 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 352 to the extent asserted against them.

353.    CGML and CGMI state that Paragraph 353 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 353 to the extent asserted against them.

## Count 17
**(Avoidance of the March Forbearance Agreements as Constructively
Fraudulent Under Sections 548 and 550 of the Bankruptcy Code)**

354-362.        In light of the Court's dismissal of Count 17, CGML and CGMI do not need

to answer the allegations contained in paragraphs 354 through 362 of the Complaint.

## Count 18
**(Avoidance of the March Forbearance Agreements as Actually Fraudulent
Under Sections 544 and 550 of the Bankruptcy Code and Applicable State Law)**

363-372.        In light of the Court's dismissal of Count 18, CGML and CGMI do not need

to answer the allegations contained in paragraphs 363 through 372 of the Complaint.

## Count 19
**(Avoidance of the March Forbearance Agreements as Constructively Fraudulent
Under Sections 544 and 550 of the Bankruptcy Code and Applicable State Law)**

373-382.        In light of the Court's dismissal of Count 19, CGML and CGMI do not need

to answer the allegations contained in paragraphs 373 through 382 of the Complaint.

## Count 20
**(Avoidance of the Second Releases as Actually Fraudulent Under
Sections 548 and 550 of the Bankruptcy Code)**

383.    With respect to Paragraph 383 of the Complaint, CGML and CGMI hereby

incorporate their answers set forth above as if set forth fully herein.

384.    With respect to Paragraph 384 of the Complaint, CGML and CGMI admit that

CGML and the Debtors are parties to the CGML March Forbearance Agreement and respectfully

refer the Court to said Agreement for its full content and terms.

385.    CGML and CGMI state that Paragraph 385 of the Complaint avers legal

conclusions as to which no response is required. If a response is required, CGML and CGMI

respectfully refer the Court to the CGML Forbearance Agreement for its full content and terms.

386.    CGML and CGMI state that Paragraph 386 of the Complaint avers legal

conclusions as to which no response is required. If a response is required, CGML and CGMI deny

the allegations contained in Paragraph 386 of the Complaint as asserted with respect to the CGML Forbearance Agreement.

387.    CGML and CGMI state that Paragraph 387 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 387 of the Complaint as asserted with respect to the CGML Forbearance Agreement, except CGML and CGMI deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 387 of the Complaint relating to the state of mind of the Debtors.

388.    CGML and CGMI state that Paragraph 388 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 388 to the extent asserted against them.

389.    CGML and CGMI state that Paragraph 389 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 389 to the extent asserted against them.

390.    CGML and CGMI state that Paragraph 390 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 390 to the extent asserted against them.

391.    CGML and CGMI state that Paragraph 391 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML and CGMI deny the allegations contained in Paragraph 391 to the extent asserted against them.

### Count 21
**(Avoidance of the Second Releases as Constructively Fraudulent Under Sections 548 and 550 of the Bankruptcy Code)**

392-400.    In light of the Court's dismissal of Count 21, CGML and CGMI do not need to answer the allegations contained in paragraphs 392 through 400 of the Complaint.

### Count 22
**(Avoidance of the Second Releases as Actually Fraudulent Under
Sections 544 and 550 of the Bankruptcy Code and Applicable State Law)**

401-410.      In light of the Court's dismissal of Count 22, CGML and CGMI do not need

to answer the allegations contained in paragraphs 401 through 410 of the Complaint.

### Count 23
**(Avoidance of the Second Releases as Constructively Fraudulent Under
Sections 544 and 550 of the Bankruptcy Code and Applicable State Law)**

411-420.      In light of the Court's dismissal of Count 23, CGML and CGMI do not need

to answer the allegations contained in paragraphs 411 through 420 of the Complaint.

### Count 24
**(Avoidance of Certain Transfers Made Under the Override Agreement as Preferences
Under Sections 547 and 550 of the Bankruptcy Code)**

421-430.      In light of the Court's dismissal of Count 24, CGML and CGMI do not need

to answer the allegations contained in paragraphs 421 through 430 of the Complaint.

### Count 25
**(Avoidance of the Transfers Made Under the AOA as Preferences
Under Sections 547 and 550 of the Bankruptcy Code)**

431-440.      In light of the Court's dismissal of Count 25, CGML and CGMI do not need

to answer the allegations contained in paragraphs 431 through 440 of the Complaint.

### Count 26
**(Avoidance of the Second Releases as Preferences
Under Sections 547 and 550 of the Bankruptcy Code)**

441-449.      In light of the Court's dismissal of Count 26, CGML and CGMI do not need

to answer the allegations contained in paragraphs 441 through 449 of the Complaint.

**Count 27[3]**
**(Breach of the Repurchase Agreements (Improper Liquidation) and**
**Turnover of Excess or Calculation of Damages under Sections 559 and 562)**

450.    With respect to Paragraph 450 of the Complaint, CGML hereby incorporates its answers set forth above as if set forth fully herein.

451.    CGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 451 of the Complaint but admits that TMST entered into the GMSLA and respectfully refer the Court to the GMSLA for its full content and terms.

452.    CGML states that the allegations contained in Paragraph 452 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 452 to the extent asserted against it.

453.    CGML states that the allegations contained in Paragraph 453 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 453 to the extent asserted against it.

454.    CGML states that the allegations contained in Paragraph 454 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 454 to the extent asserted against it and respectfully refer the Court to the GMSLA and the CGML March Forbearance Agreement for its full content and terms.

455.    CGML states that the allegations contained in Paragraph 455 of the Complaint

---

[3]  In light of the Court's dismissal of Count 27 as to CGMI, CGMI does not need to answer the allegations contained in paragraphs 450 through 460 of the Complaint. Also, in light of the Court's Order on November 15, 2014, Court 27 is dismissed with respect to CGML to the extent Plaintiff's assert a claim against CGML for breach of the GMSLA or claim for breach of any implied covenant of good faith and fair dealing under the GMSLA. Thus, CGML does not need to answer paragraphs 450 through 460 of the Complaint to the extent they concern such claims against CGML.

avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 455 to the extent asserted against it and respectfully refer the Court to the GMSLA and the CGML March Forbearance Agreement for their full content and terms.

456.    CGML states that the allegations contained in Paragraph 456 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 456 to the extent asserted against it and respectfully refer the Court to the GMSLA and the CGML March Forbearance Agreement for its full content and terms.

457.    CGML states that the allegations contained in Paragraph 457 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 457 to the extent asserted against it and respectfully refer the Court to the GMSLA and the CGML March Forbearance Agreement for its full content and terms.

458.    CGML states that the allegations contained in Paragraph 458 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 458 to the extent asserted against it and respectfully refer the Court to the CGML March Forbearance Agreement for its full content and terms.

459.    CGML states that the allegations contained in Paragraph 459 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 459 to the extent asserted against it and respectfully refer the Court to the CGML March Forbearance Agreement for its full content and terms.

460.    CGML states that the allegations contained in Paragraph 460 of the Complaint

avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 460 to the extent asserted against it and respectfully refer the Court to the CGML March Forbearance Agreement for its full content and terms.

### Count 28[4]
### (Coercion and/or Duress)

461.    With respect to Paragraph 461 of the Complaint, CGML hereby incorporates its answers set forth above as if set forth fully herein.

462.    CGML states that the allegations contained in Paragraph 462 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 462 to the extent asserted against it.

463.    CGML states that the allegations contained in Paragraph 463 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 463 to the extent asserted against it.

464.    CGML states that the allegations contained in Paragraph 464 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 464 to the extent asserted against it.

465.    CGML states that the allegations contained in Paragraph 465 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 465 to the extent asserted against it.

466.    CGML states that the allegations contained in Paragraph 466 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 466 to the extent asserted against it.

---

[4]  In light of the Court's dismissal of Count 28 as to CGMI, CGMI does not need to answer the allegations contained in paragraphs 461 through 472 of the Complaint.

467.    CGML states that the allegations contained in Paragraph 467 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 467 to the extent asserted against it.

468.    CGML states that the allegations contained in Paragraph 468 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 468 to the extent asserted against it.

469.    CGML states that the allegations contained in Paragraph 469 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 469 to the extent asserted against it.

470.    CGML states that the allegations contained in Paragraph 470 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 470 to the extent asserted against it.

471.    CGML states that the allegations contained in Paragraph 471 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 471 to the extent asserted against it.

472.    CGML states that the allegations contained in Paragraph 472 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 472 to the extent asserted against it.

### Count 29[5]
### (Equitable Subordination of Claims Under Sections 105(a), 502(b) and 510(c) of the Bankruptcy Code)

473.    With respect to Paragraph 473 of the Complaint, CGML hereby incorporates its answers set forth above as if set forth fully herein.

---

[5]  In light of the Court's dismissal of Count 29 as to CGMI, CGMI does not need to answer the allegations contained in paragraphs 473 through 478 of the Complaint.

474.    CGML states that the allegations contained in Paragraph 474 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 474 to the extent asserted against it.

475.    CGML states that the allegations contained in Paragraph 475 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 475 to the extent asserted against it.

476.    CGML states that the allegations contained in Paragraph 476 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 476 to the extent asserted against it.

477.    CGML states that the allegations contained in Paragraph 477 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 477 to the extent asserted against it.

478.    CGML states that the allegations contained in Paragraph 478 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 478 to the extent asserted against it.

### Count 30
**(Equitable Disallowance of Claims Under Sections 105(a),
502(b) and 510(c) of Bankruptcy Code)**

479-484.        In light of the Court's dismissal of Count 30, CGML and CGMI do not need to answer the allegations contained in paragraphs 479 through 484 of the Complaint.

### Count 31[6]
**(Disallowance of Claims Under Sections 105(a) and
502(d) of Bankruptcy Code)**

485.    With respect to Paragraph 485 of the Complaint, CGML hereby incorporates its

---

[6] In light of the Court's dismissal of Count 31 as to CGMI, CGMI does not need to answer the allegations contained in paragraphs 485 through 489 of the Complaint.

answers set forth above as if set forth fully herein.

486.   CGML states that the allegations contained in Paragraph 486 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 486 to the extent asserted against it.

487.   CGML states that the allegations contained in Paragraph 487 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 487 to the extent asserted against it.

488.   CGML states that the allegations contained in Paragraph 488 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 488 to the extent asserted against it.

489.   CGML states that the allegations contained in Paragraph 489 of the Complaint avers legal conclusions as to which no response is required. If a response is required, CGML denies the allegations contained in Paragraph 489 to the extent asserted against it.

*      *      *

The remainder of the Complaint comprises Plaintiff's prayer for relief as to which no responsive pleading is required. If a response is deemed required, CGML and CGMI deny that Plaintiff is entitled to any remedy or relief on its claims whatsoever, either as requested or otherwise.

## AFFIRMATIVE DEFENSES

CGML and CGMI allege the following affirmative defenses to the claims as set forth in the Complaint. By designating the following defenses as affirmative defenses, CGML and CGMI do not admit or concede that any such defense is an affirmative defense or that it bears the burden of proof with respect to any such defense. CGML and CGMI reserve the right to assert other

affirmative defenses after discovery in this action. CGML and CGMI also restate and incorporate all affirmative defenses of any other Defendant as if fully set out verbatim herein.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because in the AOA, the Debtors freely gave in exchange for ample consideration and as negotiated and agreed to by sophisticated parties represented by counsel, a valid and unambiguous release in favor of CGML and CGMI releasing the claims asserted against them in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because in the CGML March Forbearance Agreement, the Debtors freely gave in exchange for ample consideration and as negotiated and agreed to by sophisticated parties represented by counsel, a valid and unambiguous release in favor of CGML and CGMI releasing the claims asserted against them in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, and/or acquiescence.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral estoppel and/or res judicata.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of modification, accord and satisfaction, and/or novation.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because CGML acted in good faith with respect to the matters alleged.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of the implied covenant of good faith and fair dealing are barred because the implied covenant of good faith and fair dealing does not give rise to any independent obligations under New York law.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of the implied covenant of good faith and fair dealing are barred because they are duplicative of Plaintiff's claims for breach of contract.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Debtors breached their respective obligations of good faith and fair dealing.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Debtors have frustrated and/or prevented CGML's and CGMI's performance under various agreements.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, on the basis of setoff, recoupment, and/or

offset, and/or because the Debtors have failed to pay all amounts due and owing to CGML and CGMI pursuant to the parties' agreements.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Bankruptcy Court lacks authority to hear and determine the claims pleaded in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims seeking to avoid various agreements and transfers are barred because CGML took for value and in good faith within the meaning of Section 548(c) of the Bankruptcy Code.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim seeking to avoid the CGML March Forbearance Agreements is barred because Section 548(a) of the Bankruptcy Code does not permit the avoidance of entire agreements as distinct from transfers made pursuant to those agreements.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for coercion and/or duress is barred because the Debtors failed to timely repudiate the contracts the Plaintiff now disputes.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot impute the Counterparties' alleged fraudulent intent to the Debtors.

## TWENTIETH AFFIRMATIVE DEFENSE

CGML and CGMI fully complied with the terms and conditions of the agreements at issue, and the Debtors received the consideration they bargained for in those agreements.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because neither CGML and CGMI nor Larry Goldstone had any actual intent to hinder, delay, or defraud the Debtors' creditors, and actual fraudulent intent cannot be inferred in these circumstances from the badges of fraud on which Plaintiff relies.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's state-law claim to avoid transfers on the basis of coercion and/or duress is barred because it is preempted by federal law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the GMSLA between Thornburg Mortgage, Inc., on the one hand, and CGML and CGMI (as intermediating agent), on the other hand, was a true sale or alternatively a secured lending transaction, and the principal and interest and Liquidity Fund payments received and retained by CGML and/or CGMI were not property of the Debtors, were CGML's cash collateral, and/or were netting transactions between qualified financial institutions protected from avoidance under the Federal Deposit Insurance Corporation Improvement Act of 1991.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the principal creditor constituency alleged to have been harmed by CGML's or CGMI's actions had full knowledge of the terms of the agreements at issue and voluntarily granted a release in favor of CGML and CGMI.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead its claims with particularity and thus fails to comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Debtors' alleged damages are nonexistent, speculative, remote, not of the nature or to the extent alleged, were not the foreseeable result of CGML's or CGMI's alleged conduct, and/or are impossible to prove.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Debtors' alleged damages, if any, were the result of causes other than the acts or omissions of CGML or CGMI, including the intervening or superseding acts of third parties beyond the control of CGML or CGMI.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Debtors' alleged damages, if any, were not actually or proximately caused by any act or omission of CGML or CGMI or by the acts or omissions of any person or entity whose acts may be attributed to CGML or CGMI for any reason.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Debtors failed to mitigate, minimize, or avoid any losses allegedly sustained.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to consequential damages.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to consequential damages because Plaintiff has failed to observe the pleading standard for special damages under Federal Rule of Civil Procedure 9(g).

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, and to the extent that, any relief or recovery would unjustly enrich or constitute a windfall to the Debtors or other creditors.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover attorneys' fees or other costs or disbursements.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for equitable relief are barred because Plaintiff and the Debtors have an adequate remedy at law if their claims are meritorious, which they are not.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for claims disallowance is barred because Plaintiff is not entitled to avoid any transfer to CGML or CGMI.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for recovery of fraudulent transfer under 11 U.S.C. § 550 must fail because Plaintiff is not entitled to avoid any transfer to CGML or CGMI.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims must fail, in whole or in part, because they contravene a public policy.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Any and all actions taken by to CGML and CGMI were, at all times, lawful, proper and consistent with their duties and obligations.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot establish that any payments to Defendants resulted in any "transfer of an interest of the debtor in property" within the meaning of Section 548 of the Bankruptcy Code.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims must fail, in whole or in part, because Plaintiff cannot establish that any payment to Defendants was not a transfer of collateral to secured creditors who hold liens on such collateral.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Even if Plaintiff were entitled to recover any damages, which is denied, Plaintiff is not entitled to prejudgment interest on any of its claims.  Among other reasons, even if prejudgment interest were otherwise available, Plaintiff's claims for prejudgment interest are barred because Plaintiff cannot impute any delay in the proceedings to CGML and CGMI as CGML and CGMI are not responsible for the delay, and it would be inequitable, prejudicial, and punitive to CGML and CGMI to award any prejudgment interest.

## PRAYER FOR RELIEF

WHEREFORE, CGML and CGMI respectfully request judgment as follows:

(a)     an order dismissing Plaintiff's Complaint;

(b)     an award of costs and disbursements in their favor, including reasonable attorneys' fees; and

(c)     such other and further relief as the nature of this case may require and as this Court deems just and proper.


 Dated:  January 7, 2020


KING & SPALDING LLP

Israel Dahan (admitted *pro hac vice*)
1185 Avenue of the Americas
New York, NY  10036
Telephone: (212) 556-2114

55

Facsimile: (212) 556-2222
idahan@kslaw.com

   - and -

Thaddeus D. Wilson (admitted *pro hac vice*)
1180 Peachtree St. NE
Atlanta, GA  30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5131
thadwilson@kslaw.com

   - and -

*/s/ Abigail N. Bortnick*
Abigail N. Bortnick (Bar No. 28290)
1700 Pennsylvania Avenue NW, Suite 200
Washington, D.C.  20006
Telephone: (202) 626-2398
Facsimile: (202) 626-3737
abortnick@kslaw.com

*Counsel for Citigroup Global Markets Ltd.*
*and Citigroup Global Markets Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 7th day of January 2020, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing *Answer of Defendants Citigroup Global Markets Limited and Citigroup Global Markets, Inc.* will be served electronically by the Court's CM/ECF system on the following:

**Joel I. Sher, Esquire, Chapter 11 Trustee**
**Mark L. D. Wawro, Esquire**
**Daniel Joseph Zeller, Esquire**

**Israel Dahan, Esquire**
**Thaddeus D. Wilson, Esquire**
**Abigail Bortnick, Esquire**
**Matthew G. Summers, Esquire**
**Michelle McGeogh, Esquire**
**Daniel C. Spurlock, Esquire**
**Steven K. Davidson, Esquire**
**Michael J. Baratz, Esquire**
**Todd M. Brooks, Esquire**

**Alan M. Grochal, Esquire**

**Gary H. Leibowitz, Esquire**
**Jeff Coviello, Esquire**

I HEREBY CERTIFY FURTHER that on this 7th day of January 2020, a copy of the foregoing

*Answer of Defendants Citigroup Global Markets Limited and Citigroup Global Markets, Inc.* also

was served by first-class mail, postage prepaid, on:

**Mark L. D. Wawro, Esquire**
**Stuart V. Kusin, Esquire**
**Matthew C. Behncke, Esquire**
**Colin Watterson, Esquire**
**SUSMAN GODFREY L.L.P.**
**1000 Louisiana Street, Suite 5100**
**Houston TX 77002-5096**
**mwawro@susmangodfrey.com**
**skusin@susmangodfrey.com**
**mbehncke@susmangodfrey.com**
**cwatterson@susmangodfrey.com**

*Counsel to Joel I. Sher, Chapter 11 Trustee*

**Joel I. Sher, Esquire**
**Daniel J. Zeller, Esquire**
**Anastasia L. McCusker, Esquire**
**SHAPIRO SHER GUINOT & SANDLER**
**250 W. Pratt Street, Suite 2000**
**Baltimore, Maryland 21201**
**jis@shapirosher.com**
**djz@shapirosher.com**
**alm@shapirosher.com**

*Counsel to Joel I. Sher, Chapter 11 Trustee*

/s/  *Abigail Bortnick*
Abigail Bortnick